# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

THE UNITED STATES OF AMERICA

v.                                    22-cr-376

BRIAN SIZER

## SENTENCING MEMORANDUM OF BRIAN SIZER

Mr. Sizer appears before this Court remorseful for his actions and his involvement in the events of January 6, 2021. Mr. Sizer's entry into the United States Capitol was foolish, but it was not malicious. Nonetheless, he should not have been there. Mr. Sizer accordingly requests that this Court impose a short period of probation.

### I.   Characteristics of Brian Sizer & the nature of the offense

Brian Sizer is an unassuming father of four from Western Pennsylvania. He earns a decent living as a maintenance supervisor in a steel manufacturing plant. He has no serious health conditions. He suffers from no substance abuse issues. He has no prior criminal convictions. Brian's two major concerns in his life are his family and his work.

Brian traveled to Washington D.C. with family to see former President Donald Trump at the now infamous rally. Though Brian is less ideologically inclined than the family members he traveled with, he was present for the rally and followed the crowd to the Capitol. At the Capitol, Brian was shocked by what he saw and what he describes as "craziness." Still, he stuck with his wife as they followed the crowd and milled about the exterior of the Senate wing.

Mr. Sizer's presence inside the Capitol was brief. The security footage from the "Parliamentarian Door" reveals that Mr. Sizer's wife, who also pleaded guilty and expressed regret, entered the Capitol through an open door without Brian. Minutes later, she exited through the same door and then reentered the same door, this time with Brian. Both Brian and his wife then

remained inside the Capitol for approximately six minutes. At no time did he engage in or incite any violence. He did not take part in any acts of destruction. Unlike so many of those convicted of 40 U.S.C. § 5104(e)(2)(g), he did not engage in obnoxious social media posts celebrating the attack on the Capitol. Further, he did not subsequently attempt to justify his actions.

When his wife was interviewed by the Federal Bureau of Investigation, he became aware that he too might eventually be charged. He preserved his phone and its contents in anticipation of being investigated or arrested. Upon his arrest in November of 2022, he met with the FBI and provided a full account of his conduct on January 6, 2021. He provided the FBI with his preserved phone which the FBI subsequently examined and provided to the Government.

Mr. Sizer pleaded guilty at the first available opportunity. Over two years after the events of January 6, 2021, Brian again met with the FBI and subjected himself to questioning about the events of that day.

## II.     Application of 18 U.S.C. §§ 3553(a)(2) and (a)(6)

a.  A sentence of a fine or probation complies with 18 U.S.C. § 3553(a)(2).

Under 18 U.S.C. § 3553(a)(2), this Court must consider a variety of factors that reflect societal concerns.

The first sub-factor under § 3553(a)(2)(A) instructs this Court to craft a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. Though the requirements of (a)(2)(A) are amorphous, these requirements suggest that every sentence has implications for the rule of law itself.

Similarly, § 3553(a)(2)(B) instructs this Court to consider the more defined goal of general deterrence. The pain of prosecution and public scorn alone can deter much of society from committing crime. Further, the unique nature of this prosecution and the facts of January 6, 2021 will likely deter a large segment of society from ever contemplating being present for such an

event again. Lastly, probation or a fine, though often more of an annoyance than a serious disruption to a person's life, are still consequences that weigh heavily on people who are convicted of crimes.

The next sub-factor, § 3553(a)(2)(C), instructs this Court to craft a sentence that will protect the public from further crimes of the defendant. Fortunately for Mr. Sizer and the public, Mr. Sizer represents little danger to anyone. As his conduct demonstrates, he foolishly entered the Capitol through an open door and milled about for six minutes. His pre- and post-arrest conduct suggests that he will never again contemplate being involved in anything like the instant offense.

b. <u>A sentence of a fine or probation complies with 18 U.S.C. § 3553(a)(6).</u>

Under 18 U.S.C. § 3553(a)(3), this Court must consider the need to avoid *unwarranted* sentence disparities among defendants with similar records who have been found guilty of similar conduct.

Of the over 280 people convicted for violating 40 U.S.C. § 5104(e)(2)(g), a perusing of the cases suggests that the most common sentence is a term of probation. The facts of Mr. Sizer's offense would warrant a lesser sentence even if the average sentence were a short period of home confinement.

Mr. Sizer's specific conduct, though regrettable, is a far cry from the worst conduct that occurred on January 6, 2021, and even places him among the least culpable of those convicted of violating 40 U.S.C. § 5104(e)(2)(g).

III. <u>Conclusion</u>

A sentence of a short period of probation is in the interest of justice and is consistent with the factors under 18 U.S.C. § 3553(a).

Respectfully submitted,
/s/Joseph S. Otte
Joseph S. Otte
PA ID No. 318862
429 Fourth Ave., Suite 1002
Pittsburgh, PA 15219
(412) 529-0583